FILED'07 FEB 08 10:31 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SHAWN N. BISBY, )
 ) Civ. No. 05-1914-PA
              Plaintiff, )
 ) **ORDER**
     v. )
 )
OREGON DEPARTMENT OF )
CORRECTIONS, et al. )
 )
              Defendants. )

**PANNER, J.**

Pro se plaintiff Shawn N. Bisby brings this civil rights action against the Oregon Department of Justice and state prison officials. Defendants move to dismiss based on the fugitive disentitlement doctrine. I dismiss without prejudice for failure to prosecute.

### DISCUSSION

In support of their motion to dismiss, defendants submit a no-bail warrant issued by the state Board of Parole and Post-Prison Supervision for plaintiff's arrest. The warrant, which was effective August 31, 2006, states that plaintiff's

1 - ORDER

whereabouts are unknown. In the months since his failure to report for post-prison supervision, plaintiff has not filed a change of address or any other document with this court.

Under Federal Rules of Civil Procedure 41(b) and 16(f), and the court's inherent powers, the court may dismiss an action for failure to prosecute. <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996). In deciding whether to dismiss for lack of prosecution, the district court should consider "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' There must also be a showing of unreasonable delay." <u>Id.</u>, 78 F.3d at 1384 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). The court has discretion in deciding whether to dismiss an action for failure to prosecute. <u>Id.</u>

I conclude that this action should be dismissed for failure to prosecute. Plaintiff apparently absconded, and has not filed any documents since. Holding this action in abeyance pending plaintiff's possible reappearance would not be fair to defendants. <u>Cf.</u> <u>Sarlund v. Anderson</u>, 205 F.3d 973, 974-76 (7th Cir. 2000) (dismissing civil rights action based on the fugitive disentitlement doctrine because the plaintiff was "a fugitive from justice with two arrest warrants outstanding against him,

one for disorderly conduct and the other for violating the terms of his probation"). After considering less drastic sanctions, I conclude that dismissal should be without prejudice. I need not address whether to apply the fugitive disentitlement doctrine.

## CONCLUSION

Defendants' motion to dismiss (#27) is denied as moot. This action is dismissed without prejudice for failure to prosecute. Any pending motions are denied as moot.

DATED this __7__ day of February, 2007.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER